# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO TOPALIAN, | 1:09-cv-00034-AWI-DLB (HC) |
| Petitioner, | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |
| v. | |
| JAMES A. YATES, | [Doc. 18] |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Keith Allen Wattley, Esq.

On November 13, 2009, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED as MOOT. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On December 11, 2009, Petitioner filed timely objections to the Findings and Recommendation, and Respondent filed a reply on December 18, 2009. (Court Docs. 19, 20.)

In his objections, Petitioner argues that the instant petition is not "moot until his mandatory parole period is reduced by the amount of time his release was delayed by the Board's unlawful conduct dating back to 2006." (Objections, at 1) (footnote omitted). Petitioner reasons that he is entitled to have his mandatory parole period reduced by the amount of time he has allegedly been unlawfully incarcerated due to the Board's refusal to grant him release as far back

1

1  as 2006.  (Id. at 2.)

2  In reply, Respondent argues that in the petition Petitioner asked only that the Board's 2007 decision finding him unsuitable for release be vacated and he be released on parole. (Reply, at 3.)  Respondent claims that because he did not request that he be released and discharged from parole without serving his mandatory parole period, he cannot now proceed with such claim.  (Id.)  Respondent further argues that the claim that he should be discharged from parole is not exhausted and is predicated on the application of state law only.  (Id. at 3-4.)

Under California law, "an inmate-turned-parolee remains in the legal custody of the California Department of Corrections through the remainder of his term, and must comply with all of the terms and conditions of parole, including mandatory drug tests, restrictions on association with felons or gang members, and mandatory meetings with parole officers." Samson v. California, 547 U.S. 843, 851 (2006).  Thus, the conditions placed upon a parolee constitute a concrete injury to satisfy the mootness issue.  See e.g. Spencer, 523 U.S. at 7-8 (finding restrictions placed upon parolee constitute a concrete injury; Jones v. Cunningham, 371 U.S. 236, 243 (1963) (same).

In this case, Petitioner was released on parole on May 14, 2009, for a period of five years. (Notice of Release on Parole, Exhibit 1.)  Therefore, in this situation, the petition is not moot because if he prevails on his constitutional claim(s), this Court would credit such time toward his determinate parole period because he has now been released subject to the restrictions of parole. See McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (indicating that proper remedy was immediate release from parole where parole period would have expired had there not been constitutional violation); Thomas v. Yates, 637 F.Supp.2d 837, 842 (E.D. Cal. 2009) (finding habeas corpus petition challenging denial of parole was not moot even though prisoner was released to five-year determinate term because relief could still be credited toward length of parole period).

Respondent's argument that such claim is not exhausted is without merit as the relief is inherent in Petitioner's constitutional claim.  Indeed, "'in deciding a mootness issue, the question is not whether the precise relief sought . . . is still available; rather, the question is whether there

2

1 can be any effective relief.'" <u>Northwest Environmental Defense Center v. Gordon</u>, 849 F.2d 1241 (9th Cir. 1988) (quoting <u>Garcia v. Lawn</u>, 805 F.2d 1400, 1403 (9th Cir. 1986).

Accordingly, having carefully reviewed the entire file, including Petitioner's objections and Respondent's reply, the Court concludes that the instant petition is NOT MOOT and the Findings and Recommendation are not ADOPTED, and the matter shall be referred back to the Magistrate Judge for Findings and Recommendations addressing the merits of the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 13, 2009, is NOT ADOPTED; and

2. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   February 17, 2010**          /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE